# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 15, 2006

## FELIX LOPEZ VS. STATE OF TENNESSEE

### Direct Appeal from the Criminal Court of Davidson County
### No. 2003-B-1131    Mark J. Fishburn, Judge



### M2005-01903-CCA-R3-PC - Filed December 13, 2006

Petitioner, Felix Lopez, pled guilty to manslaughter and received a negotiated out-of-range fifteen-year sentence, to be served at sixty percent. Subsequently, petitioner timely filed a post-conviction petition alleging he received the ineffective assistance of counsel. When the post-conviction court denied post-conviction relief, this appeal followed. After careful review of the record, we affirm the judgment of the post-conviction court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
### Criminal Court is Affirmed

J. S. DANIEL, SR.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., and ALAN E. GLENN, J., joined.

Michael A. Colavecchio, Nashville, Tennessee, Attorney for the Petitioner, Felix Lopez.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Renee Erb, Assistant District Attorney General, for the Respondent, State of Tennessee.

## OPINION

## FACTS

Petitioner was charged in a two-count indictment with murder in the second degree and tampering with evidence. Appointed trial counsel advised petitioner that if convicted of murder in the second degree as a Range I offender, he faced a sentencing range of fifteen to twenty-five years as a Class A felon with a presumptive sentence of twenty years without parole under the provisions of Tennessee Code Annotated section 40-35-210 (2002).[1]  She further advised that a conviction for

---

[1] Tennessee Code Annotated section 40-35-210 was subsequently amended eliminating the presumptive mid-range minimum sentence in Class A felonies effective June 7, 2005.

tampering with or fabricating evidence, a Class C felony, carried a potential range of punishment, as a standard offender, of three to six years.

Pursuant to a plea offer by the state, the petitioner entered a plea of guilty on October 29, 2003, to voluntary manslaughter and accepted an agreed out-of-range sentence of fifteen years of incarceration at sixty percent as a career offender. The offense of voluntary manslaughter carries a sentence of not less than three (3) years but not more than fifteen (15) years. Tenn. Code Ann. § 39-13-211 (2002). In addition, the second count of the indictment was dismissed as part of the plea agreement.

On March 19, 2004, petitioner filed a pro se petition for post-conviction relief. On April 15, 2004, the trial court appointed post-conviction counsel who filed an amended post-conviction relief petition on June 4, 2004. The amended petition claimed that because petitioner received the ineffective assistance of counsel, his resulting guilty plea was not knowing, intelligent, and voluntary.

At the post-conviction hearing the petitioner testified through an interpreter that he was a Spanish-speaking individual and spoke no English. He said that his trial counsel spoke Spanish but did not speak it correctly. As a result, the petitioner stated that he did not always understand her. He added that no Spanish interpreter was made available during their discussions of the plea agreement. Petitioner claimed he did not understand the difference between career offender and standard offender or the meaning of sixty percent service.

Petitioner said counsel explained the plea agreement to him in Spanish but he did not understand it. He conceded he said nothing to counsel about his inability to understand her explanation even though she specifically asked him if he understood the plea. Petitioner again stated he did not understand the difference between Range I and career offender. Although he did not question the plea at the time trial counsel explained it to him, petitioner said he has since learned in jail that he was classified as a career offender even though he had never before been in trouble. Petitioner testified he did not understand he had the right to a trial, the right to face the witnesses, or the right to confront witnesses. He testified that he just did not understand anything about the proceedings.

On cross-examination, petitioner admitted he understands Spanish and that at the time of the plea he had read and signed both Spanish and English versions of the plea agreement. Although he could read the Spanish plea agreement and although the agreement was read to him by his trial counsel, petitioner testified that he did not understand the document. He said he signed it because he was tired of coming to court and just wanted to do the sentence. However, petitioner eventually admitted that when he pled guilty he understood that he was receiving a fifteen-year sentence and would have to serve sixty percent of the sentence before being eligible for parole. Following his testimony, petitioner presented no additional proof.

Trial counsel testified that she had been an assistant public defender for six years at the time

she was appointed to represent petitioner. She testified that she had taken four years of high school Spanish, four semesters of college Spanish, and had spent an extended period of time in Costa Rica and Spain. She had also taken classes at the Tennessee Foreign Language Institute dealing with legal terms in Spanish. During her years as a public defender, she had represented hundreds of Spanish-speaking clients.

Trial counsel testified that she met with petitioner at the jail on at least four occasions and that her Spanish-speaking interpreter met with the petitioner on at least six occasions prior to the entry of the plea. Counsel said that when the plea negotiations began, the state offered to accept a guilty plea to second degree murder. However, she rejected the plea on behalf of her client and continued negotiations until the parties arrived at the eventual plea offer. Under the terms of the negotiated plea, petitioner would have the opportunity for parole after serving sixty percent of the fifteen-year sentence. On the other hand, a conviction on second degree murder would have required service of the entire sentence.

Trial counsel said she explained the proposed settlement to the petitioner on three occasions. After counsel discussed the plea agreement with petitioner in Spanish, he executed both the Spanish and English documents. She testified that in her opinion the petitioner understood the plea and the resulting sentence. Counsel conceded that at times her communication with petitioner was difficult and she attributed that difficulty to petitioner's low functioning educational and intelligence level.

Grace Guerra testified that she served as a judicial clerk in the Metro courthouse and that her first language was Spanish. She said that she was familiar with trial counsel and has heard her speak and interpret Spanish language. In her opinion counsel's Spanish was accurate and adequate to communicate constitutional rights and plea agreements.

In this appeal, petitioner contends the trial court erred in failing to grant his petition for post-conviction relief. The primary focus of his claim is that trial counsel was ineffective in failing to secure the services of a Spanish interpreter to explain the plea agreement to him. Due to this language barrier, petitioner claimed he did not knowingly and voluntarily enter the plea.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2002). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 W.S.3d 450, 456-57 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457. Post-conviction relief may only be given if a conviction or sentence is void or voidable because of a violation of a constitutional rights. T.C.A. § 40-30-103.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668,

687 (1984); see also Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to a general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. When a petitioner claims that the guilty plea was the result of ineffective assistance of counsel, the petitioner must prove prejudice by showing that but for counsel's errors, the petitioner would not have entered the plea and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S.52, 59 (1985). Failure to satisfy either the deficiency or prejudice prong results in the denial of relief. Strickland, 466 U.S. at 697.

In denying the petition for post-conviction relief, the post-conviction court stated that trial counsel provided adequate representation to the defendant and that his plea was entered into knowingly and voluntarily. Further the post-conviction court found that the petitioner's claim was without merit. In its finding, the trial court stated as follows:

> [Counsel] was employed by the public defender's office and deals primarily with defendants who speak Spanish, that she met with the defendant on three or four occasions and that her investigator who speaks Spanish met with him about six times. [Counsel] further stated that she never held a hearing without the presence of an interpreter including the guilty plea. She admitted to having some communications problems with the petitioner but that she was sure she explained everything to him, did so several times, and that he never indicated to her the lack of understanding about his rights or the terms of the agreement.

The petitioner argues that his trial counsel's performance was deficient due to her failure to secure the services of a Spanish interpreter for his conversations with counsel and for the plea agreement. He maintains that even though she explained everything to him in Spanish, her deficient Spanish skills prevented him from understanding her explanations. As a result, he claims his plea was not knowingly and voluntarily entered.

Petitioner's claim, however, is not supported by the record. Petitioner admitted that counsel explained the plea agreement three times and that he understood at the time of the agreement the import of the plea. Nothing in the record indicates petitioner ever told counsel he was having difficulty understanding her Spanish or her explanation of the plea. The trial court found trial counsel employed a Spanish-speaking interpreter, who accompanied her at plea discussions and interviews with the petitioner on at least six occasions. This Court finds no deficiency in counsel's

representation. We conclude that the petitioner has failed to establish by clear and convincing evidence that but for his counsel's allegedly deficient performance in communicating to him in Spanish, he would not have pled guilty. The petitioner has failed to prove that his plea was the result of the ineffective assistance of counsel.

Based on the record as a whole, we affirm the judgment of the post-conviction court.

_____
J. S. DANIEL, SENIOR JUDGE